IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tyrone Alderson, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. _____ |
| -vs- | ) | |
| | ) | |
| Sheriff of Cook County, and Cook | ) | *(jury demand)* |
| County, Illinois, Correctional | ) | |
| Lieutenant Johnetta Sturdivant, | ) | |
| Correctional Officers Jerome | ) | |
| Gultney, #14998 and Kenneth | ) | |
| Larry, #6055, | ) | |
| | ) | |
| *Defendants*. | ) | |

**COMPLAINT**

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

2. Plaintiff Tyrone Alderson was a detainee at the Cook County Jail in February 2020 when he was attacked by another detainee while one or more of the defendants stood by.

3. Correctional Lieutenant Johnetta Sturdivant was at all relevant times acting under color of authority as a correctional lieutenant employed by the Sheriff of Cook County; plaintiff brings only individual capacity claims against Sturdivant.

4. Correctional Officers Jerome Gultney, #14998 and Kenneth Larry, #6055 were at all relevant times acting under color of their authority as correctional officers employed by the Sheriff of Cook County; plaintiff brings only individual capacity claims against these defendants.

5. Defendant Sheriff of Cook County is sued in his official capacity for injuries plaintiff incurred as the result of the Sheriff's polices and wide-spread practices described below.

6. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

7. In February of 2020, pretrial detainees awaiting a court appearance were held in various "bullpens." The bullpen at issue in this case is shown below:



8. On the morning of February 21, 2020, plaintiff was sitting in the above referred "bullpen" when, at 7:17:17 a.m., correctional officers placed

another detainee, William Carr, into that bullpen, who is shown below walking through the door to the bullpen:



9. Carr noticed plaintiff in the bullpen and gestured to him:



10. Carr then walked to plaintiff and began to beat and strike him about the head, as shown below:



11. Plaintiff made his way to the door of the bullpen to plead for assistance from the officers who were outside of the bullpen, as shown below:



12. Defendants Gultney and Larry heard plaintiff's pleas but failed to respond. Defendant Gultney eventually opened the door and stood by while Carr continued to attack plaintiff:



13. Defendants Gultney and Larry could have, but refused to, intervene to stop Carr from continuing to beat and strike plaintiff; defendants Gultney and Larry thereby caused plaintiff to receive serious personal injuries.

14. The incident described above was not the first time that Carr targeted plaintiff. About two months earlier, Carr attacked plaintiff and physically injured him; plaintiff reported the incident to officials at the Jail and told them that he wanted to press charges against Carr.

15. To prevent future harm to detainees who report a physical attack by another detainee, the official policies of the Sheriff of Cook County authorize issuance of a "Keep Separate Order" to prevent the two detainees from being held in the same bullpen awaiting court.

16. Defendant Sturdivant learned of the initial attack by Carr when Sturdivant reviewed a grievance that plaintiff had filed.

17. Defendant Sturdivant also learned that a "Keep Separate Order" had not been issued.

18. Defendant Sturdivant turned a blind eye to the likelihood that Carr would again beat and strike plaintiff if the two were held in the same bullpen and did not cause a "Keep Separate Order" to be issued.

19. Plaintiff expects that discovery will uncover numerous detainee altercations that would not have occurred had a "Keep Separate Order" been issued when necessary and that defendant Sheriff was aware of the failure of correctional staff to properly implement the "Keep Separate Order" policy. Plaintiff also expects that discovery will show that the Sheriff turned a blind eye to the failure of correctional staff to implement the "Keep Separate Order" policy.

20. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the

United States and suffered physical injuries and experienced pain and suffering.

21. Plaintiff demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory and punitive damages be awarded against defendant Gultney, Larry, and Sturdivant, that appropriate compensatory damages be awarded against defendant Sheriff, and that the costs of this action, including fees and costs, be taxed against defendant Sherifff.

/s/ Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for plaintiff*